LEAH ROY *vs.* SAMUEL WEINER, *d.b.a.* S & W FURNITURE COMPANY.

JUNE 28, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is an action of trespass on the case for negligence. After a trial in the superior court the jury returned a verdict for the defendant. The plaintiff's motion for a new trial was denied by the trial justice and she thereupon duly prosecuted her bill of exceptions to this court.

The plaintiff is now pressing only five of her exceptions, one of which is to the admission of certain evidence offered by the defendant, and the other four are to the exclusion of certain testimony offered by her. The remaining five exceptions, including one to the denial by the trial justice of her motion for a new trial, are not briefed or argued and are, therefore, deemed to have been waived by her.

It appears from the evidence that the plaintiff, accompanied by a friend, entered the defendant's store on the morning of August 30, 1941 for the purpose of purchasing certain furniture. After looking at a piece in the front part of the store they followed the defendant down an aisle, between articles of furniture on display, toward the rear of

the store where the defendant was to show the plaintiff another piece of furniture. When they reached that point the plaintiff and her friend remained standing in the aisle while the defendant went to his left among the articles of furniture and lifted or moved something, at the same time backing toward the aisle where the plaintiff and her friend were standing. Thereupon the latter also stepped back a short distance, as did the plaintiff who was immediately behind her. After taking two or three steps in this manner the plaintiff fell backward down some stairs which led to the basement of the store and which she testified she had not seen. She is seeking to recover for the injuries received by her in that fall.

In her declaration the plaintiff alleges that "there existed on the street floor of said store a certain trap or opening which said trap or opening was flush with and formed a part of the street floor of said store and constituted an opening, or entranceway, for the purposes of ingress and egress to and from the basement of said store." This is the place where she contends that she fell.

On the other hand, the defendant maintains that the evidence shows that the plaintiff fell down an obvious and ordinary flight of stairs of standard construction, protected on the street floor of the store by having a sheathed railing about three feet high around three sides thereof and being open only at the point where the stairs led down to the basement. The defendant also testified that he warned the plaintiff of the existence of the stairs as he stood in the aisle talking to her about the furniture.

The charge of the trial justice was not excepted to and thus became the law of the case. He charged the jury as follows: "And it seems to me, therefore, the issue here is for you to determine from the evidence whether this was what I might term a normal stairway in a store leading from one floor to a lower floor or whether it was simply a trap door or opening or using any term that has been used by the plaintiff in this declaration." This issue was called

to the jury's attention several times as being the principal question in the case, the trial justice instructing them, in substance, that if the opening did not have the features of a normal stairway then the defendant would be required to guard such an opening and to warn persons of danger therefrom; whereas if the evidence showed that the place in question was merely a normal stairway to be used by persons passing between the first floor and basement of the store then there was no legal requirement on the defendant to warn persons of any danger or to barricade or guard such a stairway.

When the case was submitted to the jury for their determination they were asked to make a special finding by answering the following question: "Was the place down which plaintiff fell a stairway of ordinary standard construction?" In returning their verdict for the defendant the jury specifically answered that question in the affirmative, thus finding that the place of the accident was just a normal, ordinary stairway.

The plaintiff's fourth exception is to the introduction in evidence by the defendant of a written statement admittedly signed by the plaintiff a short time after the accident happened. The last sentence of such statement immediately above her signature reads as follows: "I have read the above report and it is true and correct." This writing was offered by the defendant for identification when plaintiff was under cross-examination. Later, when she was on the stand as a witness for the defendant, it was introduced in evidence as an exhibit. The plaintiff's attorney contended that the writing was not admissible as an exhibit unless it was first shown that it was in her handwriting. There was then before the court no evidence as to whose handwriting the body of the instrument was in. The trial justice ruled that the writing was admissible as an exhibit, since it was admitted that the signature on the statement was that of the plaintiff.

Thereafter the plaintiff, while still the defendant's witness, was examined by the defendant's attorney as to certain portions of the statement, and she testified in substance that the contents thereof were true except as to two matters: first, that the sentence, which was in the latter part of the statement, *viz.*: "I had forgotten about the stairway, and fell backwards down the entire length of it," was not in the statement when she signed it; and, second, that her doctor visited her more often than was stated in said writing. This last matter was later satisfactorily explained by a comparison of the date when the statement was given and the length of time the doctor attended her in all.

Cross-examined by her attorney, the plaintiff testified that the statement was not in her own handwriting; that it was written by a man who came to her home and wanted a record of the accident; that she did not know him; that he did not give his name; that she has not seen him since; that she read the statement and then signed it; and that she did not tell him that she had forgotten about the stairway. At no time did the plaintiff move to have the statement, which had previously been admitted as an exhibit, withdrawn or struck from the record. She did ask the defendant that he produce as a witness the man in whose handwriting the statement was, in order that she might cross-examine him regarding the taking thereof. This man, however, did not testify and no explanation for his absence was offered by the defendant.

Upon consideration we are of the opinion that the statement was properly admitted in evidence as an exhibit upon the state of the proof existing at the time the statement was so offered. The attack upon its correctness made thereafter by the plaintiff in her testimony, in our judgment, went to the weight to be accorded the exhibit in the eyes of the jury, rather than to its admissibility in evidence. The defendant apparently chose to let the statement go before them subject to such infirmities as might be occasioned by

the plaintiff's uncontradicted testimony concerning its accuracy and present condition, and by his own failure to produce or account for the absence of the men who wrote it. We find, therefore, no error in the ruling of the trial justice in this respect.

However, even if the correctness of the admission of this exhibit be open to question, the error, if any, would be harmless. The only part of the statement now disputed by plaintiff concerned her alleged forgetfulness and thus related only to the issue of her contributory negligence. In view of the charge of the court and the special finding of the jury, it appears that the case was decided on the absence of any negligence on the part of the defendant and, therefore, the question of the plaintiff's contributory negligence became immaterial. The plaintiff's fourth exception is overruled.

Her other four exceptions may be considered together. In rebuttal the plaintiff sought, through the testimony of a Mrs. Samson and of a Mrs. Fortin, who was with plaintiff at the time of the accident, to introduce in evidence certain conversation between the unidentified man, who was alleged to have written the statement hereinbefore referred to, and Mrs. Fortin in relation to whether or not such man said anything to her, and if so what, about the statement which plaintiff had signed. This offered testimony was excluded by the trial justice, and his action in so doing forms the basis of the plaintiff's fifth, sixth, seventh and eighth exceptions. In our opinion, this ruling of the trial justice was correct. The matter excluded appears to be clearly hearsay not coming within any recognized exception to the hearsay rule. The plaintiff takes nothing by these exceptions and they are overruled.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for the entry of judgment for the defendant on the verdict.

*John G. Murphy,* for plaintiff.

*Henry M. Boss,* for defendant.